IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SANDY GARVIN,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　Petitioner,　　　　　　 )
　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　)　　No. 05 C 1435
　　　　　　　　　　　　　　　　　)
UNITED STATES,　　　　　　　　　 )
　　　　　　　　　　　　　　　　　)
　　　　　Respondent.　　　　　　 )
　　　　　　　　　　　　　　　　　)

### MEMORANDUM OPINION AND ORDER

In 1998, Sandy Garvin was convicted of drug charges relating to a gang conspiracy to distribute crack cocaine. Mr. Garvin and 20 other defendants were arrested in July 1997 and charged with various drug crimes. After a jury trial, Mr. Garvin was convicted of distribution of crack cocaine, in violation of 21 U.S.C. § 841(a)(1). Mr. Garvin had two prior drug convictions and was sentenced pursuant to the United States Sentencing Commission Guidelines to 262 months incarceration. Mr. Garvin appealed to the Seventh Circuit, which affirmed his conviction, see *United States v. Hernandez*, 330 F.3d 964 (7th Cir. 2003), and his petition for certiorari to the Supreme Court was denied in 2004. *Garvin v. United States*, 541 U.S. 904 (2004).

Mr. Garvin moves to vacate, set aside, or amend his sentence, pursuant to 28 U.S.C. § 2255. Mr. Garvin argues that his trial counsel provided him with constitutionally insufficient assistance

in three ways: by failing to (1) negotiate a plea agreement acceptable to Mr. Garvin and failing to advise him to enter a blind plea; (2) object to the government's amendment to the notice of enhancement required by 21 U.S.C. § 851; and (3) object to the classification of Mr. Garvin as a "career offender" under the Sentencing Guidelines. Mr. Garvin also argues that his counsel had a conflict of interest.

To show that he received constitutionally deficient assistance from his counsel, Mr. Garvin must show both that his counsel's performance was deficient, and that those deficiencies prejudiced Mr. Garvin's defense. Griffin v. Camp, 40 F.3d 170, 173 (7th Cir. 1994). A strong presumption of effective assistance attaches to counsel's performance. United States v. Trevino, 60 F.3d 333, 338 (7th Cir. 1995). Mr. Garvin must establish both the deficiencies and their effect on his trial or his claim must fail. Eddmonds v. Peters, 93 F.3d 1307, 1313 (7th Cir. 1996). Establishing ineffective assistance of counsel is a difficult task for a § 2255 petitioner, and few petitioners will be successful. Griffin, 40 F.3d at 173.

Mr. Garvin first argues that his counsel was deficient for failing to negotiate a plea agreement to his liking or, in the alternative, for failing to explain what Mr. Garvin believes the results of entering a blind plea would have been. Mr. Garvin's counsel negotiated a seven-year plea agreement, but Mr. Garvin

rejected the agreement because it would have required him to admit to the conspiracy charged in Count I of the indictment, as well as provide testimony as to his co-defendants' guilt on that count. Mr. Garvin's counsel could not force the government to offer a plea agreement that was more favorable. Mr. Garvin states that had he entered a blind plea, he believes that he would only have been held responsible for a small amount of cocaine and would have received a reduction for his acceptance of responsibility. Mr. Garvin's beliefs aside, a blind plea to the indictment would have included not only the substantive counts Mr. Garvin was convicted of by the jury, but also the conspiracy count on which he was acquitted. Pleading guilty to the conspiracy count would have rendered Mr. Garvin responsible for the larger amount of cocaine, and the government had indicated that it intended to seek a life sentence for Mr. Garvin. There was no guarantee that Mr. Garvin would receive a lighter sentence than the 262 months he received after trial; his counsel's performance was not deficient.

Mr. Garvin next argues that his counsel was deficient for failing to object when the government amended its enhancement notice after trial. Mr. Garvin concedes that the government properly filed the notice required by 21 U.S.C. § 851 prior to trial, stating that because of Mr. Garvin's prior convictions, the government would seek a life sentence. After trial, the government amended the § 851 notice to state that it would seek a thirty-year

3

sentence instead. It is this amendment that Mr. Garvin believes his counsel should have objected to. First, Mr. Garvin raised this issue on direct appeal, where his arguments were rejected, and he may not relitigate the issue here. *White v. United States*, 371 F.3d 900, 902 (7th Cir. 2004). Second, even if Mr. Garvin could relitigate the issue, a § 851 notice provides a criminal defendant with notice of those convictions the government intends to use to seek a sentencing enhancement, not the specific sentence the government will seek. 21 U.S.C. § 851(1). The amendment only addressed the sentence the government intended to seek, not Mr. Garvin's prior convictions. Counsel was not deficient for failing to raise this issue at sentencing.

Mr. Garvin also argues that his counsel was deficient for failing to object to Mr. Garvin's classification as a "career offender" for sentencing. Again, Mr. Garvin's arguments on this issue were rejected by the Seventh Circuit, and he may not reargue them here. *White*, 371 F.3d at 902. Further, Mr. Garvin presents no factual argument as to why he should not have been thus classified; he simply argues that it is unconstitutional to class defendants as "career offenders" whether they have "two or twenty felonies." Counsel was not deficient for not raising this issue at sentencing.

In his reply brief, Mr. Garvin raises new issues. He argues that his appellate counsel had represented one of the other

defendants, Danny Davis, in the trial court and that this somehow created a conflict of interest. Because this issue was raised only in reply, the government had no opportunity to respond. The issue is waived. Even if not, Mr. Davis pled guilty before trial. Mr. Garvin does not explain the possible conflict of interest and none is obvious. Mr. Garvin also complains, in reply, about an admonishment I gave the probation officer in charge of certain presentence reports. He says his trial counsel should have made some unspecified objection. Again, the issue is waived by failure to argue it earlier. Furthermore, there was nothing to object about. I disagreed with something the probation officer had done but it certainly did not affect adversely the rights of Mr. Garvin.

As Mr. Garvin has not presented a meritorious claim in his § 2255 motion, that motion is denied.

ENTER ORDER:

*Elaine E. Bucklo*
**Elaine E. Bucklo**
United States District Judge

Dated: October 14, 2005